UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-CV-21924-LEIBOWITZ/AUGUSTIN-BIRCH

ALTO TROMEN, S.A.,

    Plaintiff,

v.

NODUS INTERNATIONAL BANK, INC., *et al.*,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANTS NODUS FINANCE, LLC AND NODUS FINANCIAL HOLDINGS, INC. AND DENYING PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANT NODUS INTERNATIONAL BANK, INC.**

This matter comes before the Court on Plaintiff Alto Tromen, S.A.'s Motion to Compel directed toward Defendants Nodus Finance, LLC and Nodus Financial Holdings, Inc. DE 64. Defendants Nodus Finance and Nodus Financial Holdings filed a Response to that Motion to Compel, and Plaintiff did not file a Reply. DE 67. This matter also comes before the Court on Plaintiff's Motion to Compel directed toward Defendant Nodus International Bank, Inc. DE 69. Defendant Nodus International Bank filed a Response to that Motion to Compel, and Plaintiff did not file a Reply. DE 76.

The Court set a hearing on the Motions to Compel for December 19, 2024, at 2:00 p.m. DE 63; DE 68. However, upon review of the parties' briefing, the Court concludes that a hearing is unnecessary to resolve the issues raised in the Motions to Compel. The Court therefore **CANCELS** the hearing set for December 19, 2024, at 2:00 p.m. For the foregoing reasons, the

Motion to Compel at docket entry 64 is **GRANTED IN PART AND DENIED IN PART**, and the Motion to Compel at docket entry 69 is **DENIED**.

**I.   Motion to Compel Against Defendants Nodus Finance and Nodus Financial Holdings**

The Motion to Compel at docket entry 64 arises from Defendants Nodus Finance and Nodus Financial Holdings' responses to Plaintiff's First Set of Interrogatories and First Requests for Production.  *See* DE 64-1 through -4.  Plaintiff first points out that Defendants Nodus Finance and Nodus Financial Holdings responded to numerous requests for production by stating that they have no responsive material in their possession.  *E.g.,* DE 64-2 at 1–6; DE 64-4 at 1–6.  Plaintiff correctly asserts that mere possession is not the standard for responding to requests for production.  A responding party must produce responsive material in its "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1); *see Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) ("Under Fed. R. Civ. P. 34, control is the test with regard to the production of documents.  Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand.").  Defendants Nodus Finance and Nodus Financial Holdings must amend their discovery responses and produce responsive material under this standard.

Plaintiff next argues that, in response to various discovery requests, Defendants Nodus Finance and Nodus Financial Holdings made relevancy, burdensomeness, and overbreadth objections that are boilerplate and violate the Court's discovery procedures.  *E.g.,* DE 64-1 at 3–5; DE 64-2 at 6–7; DE 64-3 at 3–5; DE 64-4 at 6–7.  Objections to interrogatories and requests for production must be stated with specificity.  Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B); Southern District of Florida Local Rule 26.1(e)(2)(A).  This Court's Order Setting Discovery Procedures sets forth several requirements for discovery objections, including for objections based on relevancy, burden, and breadth.  *See* DE 62 at 4–5.  As a few examples of the Court's requirements, a party

objecting based on relevancy must explain why the request seeks irrelevant material, a party objecting based on burdensomeness must provide a statement with specific information demonstrating the undue burden, and a party objecting based on overbreadth must specifically explain how the request is overly broad.  *Id.*  An objection that a request is not reasonably calculated to lead to admissible evidence is a meritless objection because it is based on an outdated discovery standard.  *Id.* at 4; *see* DE 64-4 at 5–7 (Defendant Nodus Financial Holdings' objections that several requests are "not reasonably calculated to lead to the discovery of admissible evidence").  Further, before raising any of these objections, the responding party must confer with the requesting party in an attempt to narrow disputed requests.  DE 62 at 5.

The Court recognizes that Defendants Nodus Finance and Nodus Financial Holdings responded to Plaintiff's discovery requests before the referral of discovery matters to this Court and before the entry of the Order Setting Discovery Procedures.  Thus, rather than overruling all of the objections at this juncture and ordering full responses, the Court gives Defendants Nodus Finance and Nodus Financial Holdings an opportunity to amend their discovery responses, eliminate boilerplate objections, and fully comply with the Order Setting Discovery Procedures and applicable rules of procedure, local rules, and caselaw.  Should the amended responses violate any applicable authority and should the matter be brought before the Court again, the Court may overrule an improper or unsupported objection and order a full response.

Plaintiff argues that Defendants Nodus Finance and Nodus Financial Holdings made privilege objections but did not specify the privilege being invoked or produce privilege logs.  *E.g.,* DE 64-2 at 6–7; DE 64-4 at 6–7.  A party objecting to an interrogatory or request to produce on the basis of a privilege must "identify the nature of the privilege (including work product) which is being claimed."  Southern District of Florida Local Rule 26.1(e)(2)(B)(i).  Further, a party

objecting on the basis of a privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed" in a manner that will enable the requesting party to assess the claim of privilege. Fed. R. Civ. P. 26(b)(5)(A). The objecting party provides this description through a privilege log. *See* Southern District of Florida Local Rule 26.1(e)(2)(B)(ii), (C) (specifying the requirements of a privilege log). Rather than overruling the privilege objections at this juncture and ordering full responses, the Court gives Defendants Nodus Finance and Nodus Financial Holdings an opportunity to amend their discovery responses and fully comply with the requirements for asserting a privilege. Should the amended responses violate any applicable authority and should the matter be brought before the Court again, the Court may overrule an improper or unsupported objection and order a full response.

Finally, Plaintiff argues that certain discovery responses include objections with answers that are subject to the objections. *E.g.,* DE 64-2 at 6 ("Without foregoing this objection, none in Defendant's possession."). As the Court explains in its Order Setting Discovery Procedures, objecting to a discovery request but then answering notwithstanding the objection preserves nothing, wastes time and resources, and leaves the requesting party uncertain whether the request has been fully answered. DE 62 at 5. Defendants Nodus Finance and Nodus Financial Holdings must eliminate such responses from their amended discovery responses.

## II. Motion to Compel Against Defendant Nodus International Bank

The Motion to Compel at docket entry 69 arises from Defendant Nodus International Bank's lack of responses to Plaintiff's First Set of Interrogatories and First Requests for Production. Plaintiff seeks an Order compelling Defendant Nodus International Bank to respond, deeming any non-privileged objections waived, and awarding fees and costs. DE 69 at 3.

4

Defendant Nodus International Bank filed copies of its discovery responses together with its Response to the Motion to Compel.[1]  *See* DE 76-2 and -3.  Thus, Plaintiff's request that discovery responses be compelled is now moot.  To the extent Plaintiff believes that the discovery responses are inadequate, it may file an appropriate motion that complies with the Order Setting Discovery Procedures.  *See* DE 62.

Plaintiff's requests for the Court to deem objections waived and to award fees and costs are denied.  Defendant Nodus International Bank explains in its Response that its discovery responses were delayed for various reasons, including that its new counsel appeared shortly before the Thanksgiving holiday and is still becoming familiar with the case.  Under these circumstances, the Court determines that deeming objections waived and awarding fees and costs would be unjust.

### III. Conclusion

Accordingly, Plaintiff's Motion to Compel directed toward Defendants Nodus Finance and Nodus Financial Holdings [DE 64] is **GRANTED IN PART AND DENIED IN PART**.  The Motion to Compel is **GRANTED** insofar as the Court orders Defendants Nodus Finance and Nodus Financial Holdings to amend their discovery responses to comply with this Order.  Defendants Nodus Finance and Nodus Financial Holdings must serve their amended discovery responses and any privilege logs **within 21 days of the date of this Order**.[2]  The Motion to Compel is **DENIED** insofar as, at this juncture, the Court is not overruling any objection and ordering a full response.  Plaintiff's Motion to Compel directed toward Defendant Nodus

---

[1] The Court notes that Defendant Nodus International Bank titled its discovery responses as being "preliminary."  A party is required to supplement or correct discovery responses in a timely manner if it learns that prior discovery responses were incomplete or incorrect.  Fed. R. Civ. P. 26(e)(1)(A).  The Court expects the parties to comply with that rule.

[2] This Order alters Southern District of Florida Local Rule 26.1(e)(2)(D), which requires service of a privilege log within 14 days of service of a discovery request but permits a court to order otherwise.

International Bank [DE 69] is **DENIED**.  The hearing set for December 19, 2024, at 2:00 p.m. is **CANCELED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 19th day of December, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE